Derbigny, J.
delivered the opinion of the court. This is an action, by the holder of a bill of exchange against one of the endorsers. It comes up, to this court upon two bills of exceptions taken by the defendant.
By the first, it appears that the plaintiff’s counsel having offered himself as a witness to prove that the defendant had promised to pay the amount of the bill, he was challenged as interested in the cause, and that, being examined on his voire dire, be declared that he had entered into no agreement with his client for his fees, but intended to change him a commission of five per cent, that is to say, thirty-one dollars if he should recover the money, or a fee of twenty-five dollars, in case of loss: from which it clearly results that he was to receive as much in case of loss as in case of success: *86 the difference of six dollars being hardly a compensation for the further trouble, which the witness was to take, in the latter case, to collect the money after judgment.
The second bill of exceptions shews that the plaintiff having offered to produce in evidence a protest, purporting to be signed by a huissier and two witnesses, the defendant opposed the introduction of the evidence, on the ground that the “signatures of the huissier and witnesses formed no legal proof of their being authentic.” From the manner in which the defendant’s counsel argued on this exception, it appears that he meant by these expressions, first, that the signature of a huissier is not that, which ought to appear on the protest of a bill of exchange, and secondly, that the signature which is affixed to the protest is not duly authenticated, because not certified by the consul of the United States.
The allegation that a huissier is not the officer who ought to protest a bill of exchange is not supported by law, the French code of commerce providing positively that such protest is to be made by a notary and two witnesses, or a huissier and the like number of witnesses.
As to the other objection. It is the practice of courts of the United States to receive in evi *87 dence the protest of a bill of exchange, without requiring proof of the signature of the officer, who received it: and we see nothing in the laws of this state, which is repugnant to the admission of such practice among us, especially where the signature is not formally denied. The want of legalisation or certificate of the consul of the United States, supposing such a certificate to be evidence, (a point which from the decision of the supreme court of the United States, in Church vs. Hubbard, 2 Cranch, 187. is doubtful) was no reason why the document should have been rejected: because that omission could be supplied, if necessary, by other testimony.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.